IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WALLICE F. JACKSON, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| LEHIGH VALLEY PHYSICIANS GROUP, | : | |
| | : | |
| Defendant. | : | NO. 08-3043 |

MEMORANDUM

Before the Court is Plaintiff Wallice Jackson's motion for leave to amend her complaint to include proposed claims under 42 U.S.C. § 1981, and the response of Defendant Lehigh Valley Physicians Group (the "Physicians Group"). For the reasons set forth below, the Court grants the motion for leave to file an amended complaint.

Grant of leave to amend is within the discretion of the district court. *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)); *see also Gay v. Petsock*, 917 F.2d 768, 772 (3d Cir. 1990) (articulating that abuse of discretion is the standard of review for decisions on leave to amend pleadings). Federal Rule of Civil Procedure 15(a) provides that the Court should "freely give leave" for a party to file an amended pleading "when justice so requires." The "burden is generally on the non-moving party to demonstrate why leave to amend should not be granted." *Rizzo v. PPL Service Corp.*, No. 03-5779, 2005 WL 1397217, at *3 (E.D. Pa. June 10, 2005) (citing *Foman*, 371 U.S. at 182).

The Court may deny a request to amend a pleading only when the following circumstances exist: "'(1) the moving party has demonstrated undue delay, bad faith, or dilatory motives, (2) the amendment would be futile, or (3) the amendment would prejudice the other part[ies].'" *Juan v. Sanchez*, 339 F. App'x 182, 187 (3d Cir. 2009) (quoting *Lake v. Arnold*, 232

F.3d 360, 373 (3d Cir. 2000)). Delay alone is insufficient to deny a plaintiff's motion to amend a complaint. *USX Corp. v. Barnhart*, 395 F.3d 161, 167 (3d Cir. 2004). However, if "delay . . . [has] become 'undue,' placing an unwarranted burden on the court, or . . . [has] become 'prejudicial,' placing an unfair burden on the opposing party," delay may be sufficient to deny a motion to amend. *Adams v. Gould, Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (citing *Chitimacha Tribe of Louisiana v. Harry L. Laws Co.*, 690 F.2d 1157, 1163 (5th Cir.1982); *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir.1982)). The non-moving party has the burden of establishing "that it was unfairly disadvantaged or deprived of the opportunity to present facts or evidence which it would have offered had the [movant's] amendments been timely." *Heyl & Patterson Int'l., Inc. v. F. D. Rich Housing of Virgin Islands, Inc.*, 663 F.2d 419, 426 (3d Cir. 1981) (citing *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 n.19 (3d Cir. 1969)). Additionally, leave to amend may be denied when a movant fails to exercise earlier opportunities to amend, with no adequate justification. *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3rd Cir. 2006).

Here, Ms. Jackson's motion for leave to amend was filed on the eve of trial—11 days before trial was scheduled to begin on October 4, 2010 and after pretrial memoranda were filed. Ms. Jackson seeks to assert claims under 42 U.S.C. § 1981 in order to pursue a claim for punitive damages, because such a remedy is unavailable for the discrimination and retaliation claims she had already asserted under Title VII of the Civil Rights Act of 1964 and the Pennsylvania Human Relations Act ("PHRA"). She explains that the failure to include the proposed claims earlier is due to "an oversight by counsel," and she contends no undue prejudice will result because no additional discovery is needed for the additional claims as they rely on the same facts as her Title VII and PHRA claims.

The Physicians Group argues that Ms. Jackson's delay in seeking leave to amend is undue because it comes more than a year after discovery ended and two years after she filed her amended complaint on July 3, 2008. The Physicians Group also raises the issue of dilatory motive, because Ms. Jackson's counsel had available the entire factual basis for the proposed Section 1981 claims at the time he drafted the amended complaint.

What the Physicians Group does not contend, however, is that any prejudice will result from granting Ms. Jackson's motion for leave to amend, and the Court finds that no such prejudice exists. The Physicians Group has not raised any specific instances in which it will suffer disadvantage or has lost any opportunities in presenting its case as if the motion had been filed earlier. The Court recognizes the Physicians Group may decide to file an amended answer and amended pretrial memorandum, but the costs of doing so would not amount to undue prejudice. Moreover, given that the Physicians Group has already conducted its pretrial preparations and defenses in response to Title VII and PHRA claims, it will not need to introduce new facts or defenses to the proposed Section 1981 claims. *See Marshall v. Hahnemann University*, 1998 WL 355524 (E.D. Pa. 1998) (granting motion to amend complaint to include a PHRA claim two months after the case was placed in the trial pool, because "defendants failed to explain how they would be prejudiced by the plaintiff's proposed amendments . . . . The plaintiff does not offer new factual assertions or different legal theories in her proposed amendments."); *Thomas v. Medesco, Inc.*, 67 F.R.D. 129 (E.D. Pa. 1974) (granting a motion for leave to amend a complaint to include a claim for punitive damages when "plaintiff is introducing no new facts; therefore defendant needs to introduce no new facts . . . . [and] can rest on his completed pretrial preparation").

The Court further finds that Ms. Jackson's explanation that counsel's oversight or neglect

3

caused the delay does not justify a denial. *Arthur*, 434 F.3d at 206 ("The liberality of Rule 15(a) counsels in favor of amendment even when a party has been less than perfect in the preparation and presentation of a case. . . . It allows for misunderstandings and good-faith lapses in judgment, so long as the party thereafter acts reasonably and diligently." (citations omitted)). While the Court may be—indeed, is—chagrined by any counsel's failure to act promptly on behalf of a client, in the absence of demonstrable undue prejudice to the Physicians Group, governing case law explains that it would be an abuse of discretion to deny Ms. Jackson's motion.

      For the foregoing reasons, the Court grants the Defendant's motion for leave to amend. An Order consistent with this Memorandum follows.

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
United States District Judge